UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIRALE O. REED                                                                                    PETITIONER

VERSUS                                                   CIVIL ACTION NO. 3:19CV671-TSL-RHW

SHERIFF BILLIE SOLLIE                                                                    DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Tirale O. Reed filed a 28 U.S.C. § 2241 petition challenging his pre-trial confinement in the Lauderdale County Detention Facility (LCDF). On July 21, 2016, he was arrested on charges of murder, shooting into a dwelling, and being a felon in possession of a firearm. Doc. [7-1]. On August 15, 2017, he was released on bond. Doc. [7-1] at 3; Doc. [7-2]. On March 20, 2018, a grand jury indicted Reed on charges of murder and being a felon in possession of a firearm. Doc. [7-3]. On June 4, 2018, the circuit court revoked Reed's bond due to his arrest on May 28, 2018, on new charges of shooting into a vehicle and being a felon in possession of a firearm. Doc. [7-5]. Reed's trial on the charges of murder and felon-in-possession of a firearm originally was set for February 4, 2020. Doc. [7-6]. However, on January 15, 2020, Reed was indicted on the federal charge of being a felon in possession of a firearm. Doc. [9-1]. As of January 30, 2020, Reed is no longer in custody of the LCDF. Doc. [9-2] [9-3]. His trial on federal criminal charges is currently scheduled for May 4, 2020. *See United States v. Reed*, Case No. 3:20cr5-DCB-LRA. Reed's state court motion and plea hearing date has been continued to May 19, 2020. Doc. [9-5].

In his petition, Reed asserts violation of his right to speedy trial and raises questions regarding the public defender's failure to file motions to dismiss on Reed's behalf. Respondent filed a motion to dismiss and supplement to the motion to dismiss and argues Reed has failed to

state a claim upon which habeas relief may be granted. Doc. [7] [9]. Petitioner has not filed a response in opposition.

## Law and Analysis

Reed's federal habeas petition challenges his confinement on pending state criminal charges. He currently is in custody awaiting trial on federal charges as well. In the prayer for relief, Reed requests release from custody and dismissal of the state charges against him. As a pre-trial detainee, Reed has the right to seek habeas relief pursuant to § 2241. However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. To the extent Reed seeks to have the charges dismissed against him based on a speedy trial claim or any other affirmative defenses, his petition is without merit. He has not identified any special circumstances that would cause this Court to entertain his premature request for dismissal of charges and release from custody. Accordingly, the undersigned finds Reed's petition should be dismissed with prejudice for failure to state a claim upon which § 2241 relief may be granted.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED and that Tirale O. Reed's 28 U.S.C. § 2241 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE